UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRISHA SPURLOCK,<br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)    CAUSE NO.: 2:15-CV-436-PRC<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Trisha Spurlock on December 2, 2015, and an Opening Brief [DE 20], filed by Plaintiff on May 25, 2016. Plaintiff requests that the Court reverse the July 17, 2014 decision of the Administrative Law Judge denying her claim for disability insurance benefits and make a direct award of benefits or, alternatively, remand for further proceedings. On August 31, 2016, the Commissioner filed a response, and Plaintiff filed a reply on September 15, 2016. Because the ALJ did not properly evaluate Dr. Kelly Hird's medical opinions under the treating physician rule, the Court grants Plaintiff's request for remand.

## BACKGROUND

Plaintiff filed for disability insurance benefits on September 1, 2011. Her claim was denied initially and upon reconsideration. Plaintiff timely requested a hearing, which was held on June 6, 2013, and presided over by Administrative Law Judge (ALJ) Victoria A. Ferrer. Present at the hearing were Plaintiff, Plaintiff's attorney, and an impartial vocational expert.

After the hearing, the ALJ sent Plaintiff for a psychological consultative examination with Michael Stone, Psy.D. Following proffer of Dr. Stone's report and medical opinion to Plaintiff,

Plaintiff requested a supplemental hearing to question Dr. Stone and requested that the ALJ issue a subpoena to Dr. Stone requiring him to appear and testify at the supplemental hearing. Both requests were granted, with Dr. Stone to appear telephonically. At the supplemental hearing, Dr. Stone did not appear despite multiple attempts to contact him via telephone. The ALJ sent Plaintiff for another psychological consultative examination, which was conducted by John Brauer, Psy.D.

The ALJ issued a written decision on July 17, 2014, concluding that Plaintiff was not disabled based on the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since September 15, 2010, the alleged onset date.

3. The claimant has the following severe impairments: chronic migraines and chronic headaches; minor motor seizures; dementia, NOS; and adjustment disorder with mixed emotional features.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; she can never climb ladders, ropes or scaffolds; she should avoid concentrated extreme cold, extreme heat and vibration; she can work in environments with moderate noise intensity; she can never work with hazardous machines with moving mechanical parts or in high exposed places; and she can occasionally work on computers. She is able to perform simple, routine, repetitive tasks; to understand remember, and carry out simple instructions; to adapt to occasional changes in the work setting; and to make decisions frequently.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born [in 1981] and was 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 15, 2010, through the date of this decision.

(AR 17-26). Plaintiff then sought review before the Agency's Appeals Council, which denied her request on October 1, 2015, leaving the ALJ's decision as the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. On December 2, 2015, Plaintiff filed this civil action pursuant to 42 U.S.C. § 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. This Court thus has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence

consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see*

*also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. § 404.1520(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past

relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [her] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff seeks reversal and remand for an award of benefits or for further proceedings, arguing error regarding the weight assigned to Dr. Hird's opinions, the evaluation of Plaintiff's subjective symptoms, the determination of whether Plaintiff meets a listing at Step 3, the determination of Plaintiff's RFC, the determination of whether Plaintiff can perform other work at Step 5, and the decision to not enforce a subpoena.

### A. Weight to Dr. Hird's Opinions

Under what is known as the "treating physician rule," the opinion of a treating physician on the nature and severity of an impairment is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other

6

substantial evidence in [the] case record." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); 20 C.F.R. § 404.1527(c)(2). When an ALJ does not give controlling weight to the opinion of a treating physician, she must weigh the opinion in accordance with the factors in 20 C.F.R. § 404.1527. *See* 20 C.F.R. § 404.1527(c)(2) ("When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion."); *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2006).

Plaintiff asserts that the ALJ erred in not giving controlling weight to the opinions of Plaintiff's treating psychologist, Kelly Hird, Psy.D., or alternatively, that the ALJ erred by not evaluating Dr. Hird's opinions according to the factors listed in 20 C.F.R. § 404.1527(c)(2)(i)-(ii), (c)(3)-(c)(6). These factors are the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors such as the familiarity of a medical source with the case.

Here, the ALJ gave "slight weight" to the opinions of Dr. Hird. Dr. Hird opined that Plaintiff has marked restriction in activities of daily living, moderate difficulties in maintaining social functioning, extreme difficulties in maintaining concentration, persistence or pace, and four or more episodes of decompensation within a 12 month period, each of at least two weeks duration. Dr. Hird also noted that Plaintiff seems to gradually decline over time. Dr. Hird further opined that Plaintiff has serious limitations in her abilities to carry out short and simple instructions, to make simple work-related decisions, and to be aware of normal hazards and take appropriate precautions; that Plaintiff is unable to meet competitive standards in the abilities to understand and remember very

7

short and simple instructions, to maintain attention for two-hour segments, to complete a normal workday and workweek without interruptions from psychologically based symptoms, to perform at a consistent pace without an unreasonable number and length of rest periods, to deal with normal work stress, to understand, remember, and carry out detailed instructions, to set realistic goals or make plans independently of others, and to deal with the stress of semiskilled and skilled work; that Plaintiff has no useful ability to remember work-like procedures and would likely be absent from work more than four days per month due to daily pain; and that Plaintiff would have interpersonal difficulties at work, cannot respond to unusual and changing situations at work, cannot remember tasks and instructions, cannot effectively solve problems, has poor memory, and is incapable of working full-time.

The ALJ said that, though evidence shows that Plaintiff has memory problems, the remainder of Dr. Hird's "opinion" regarding Plaintiff's limitations is not supported by evidence. Though the ALJ refers to Dr. Hird as having provided a single opinion, Social Security Ruling ("SSR) 96-5p clarifies that "medical source statements may actually comprise separate medical opinions regarding diverse physical and mental functions, such as walking, lifting, seeing, and remembering instructions, and that it may be necessary to decide whether to adopt or not adopt each one." 1996 WL 374183, at *4 (July 2, 1996).

In support or her decision to give only slight weight to Dr. Hird's opinions, the ALJ notes that

> Dr. Hird's therapy notes do not include abnormal findings regarding the claimant's memory nor any information about memory problems. The notes reflect that the claimant's thought content is appropriate, affect is congruent, speech was normal rate and volume, judgment was good, insight was good, impulse control was good,

> memory reflects that she could explain recent and past events but the mood was depressed and the attention and concentration was fair.

(AR 24). In further support of the weight she assigned to Dr. Hird's opinions, the ALJ notes that Plaintiff testified that she is able to care for her child and that Plaintiff testified that Dr. Hird never implied that Plaintiff is unable to care for her child.

The ALJ failed to provide adequate reasons to not give controlling weight to many of Dr. Hird's opinions, such as the opinions regarding Plaintiff's episodes of decompensation, Plaintiff's likely absence from work for more than four days per month due to daily pain, and Plaintiff's anticipated interpersonal difficulties at work. The evidence cited—therapy notes and Plaintiff's testimony—do not speak to medically acceptable clinical and laboratory techniques and are not inconsistent with all of Dr. Hird's opinions. Remand is required due to the ALJ's failure to show why many of Dr. Hird's opinions, including the opinions regarding Plaintiff's episodes of decompensation, Plaintiff's likely absence from work for more than four days per month due to daily pain, and Plaintiff's anticipated interpersonal difficulties at work, are not entitled to controlling weight under the treating physician rule.

Further, even if some or all of Dr. Hird's opinions are not entitled to controlling weight, the ALJ has not properly analyzed the opinions according to the factors listed in 20 C.F.R. § 404.1527(c)(2)(i)-(ii), (c)(3)-(c)(6). There is conflicting case law in the Seventh Circuit Court of Appeals regarding express discussion of the factors. *Compare Elder v. Astrue*, 529 F.3d 408, 415-16 (7th Cir. 2008) (affirming denial of benefits without express consideration of each factor), *with Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014) (requiring express consideration). Even under the more forgiving line of cases, however, the ALJ must still "sufficiently account for the factors," *Schreiber*

9

*v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013). Though the ALJ mentions various statements made by Dr. Hird at different points in the treating relationship with Plaintiff, the ALJ does not elaborate on how the length of the treating relationship factored into the determination of how much weight to give to the opinions. The ALJ does not address Dr. Hird's specialization as a psychiatrist. As noted above, the ALJ states that the evidence does not support Dr. Hird's opinions, but the evidence cited does not relate to all of the opinions. The ALJ's analysis fails to sufficiently account for the factors listed in the regulations. Remand is also required on this basis.

### B. Evaluation of Subjective Symptoms

In making a disability determination, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id*. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations due to pain or other symptoms.

See 20 C.F.R. § 404.1529(c)(3). An ALJ's evaluation of subjective symptoms will be upheld unless it is patently wrong. *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012). Nevertheless, an ALJ must support her evaluation with specific reasons that are supported by the record. *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013).

Last year, the Social Security Administration issued Social Security Ruling ("SSR") 16-3p, which supersedes SSR 96-7p. SSR 16-3p, 2016 WL 1119029 (March 16, 2016). SSR 96-7p referred to a claimant's "credibility," but SSR 16-3p removed that term in order to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p, 2016 WL 1119029, at *1. Though the new Ruling was issued after the ALJ's decision in this matter, the new Ruling is a clarification of the law and not a change in the law, so use of the new Ruling on appeal is appropriate. *Qualls v. Colvin*, No. 14 CV 2526, 2016 WL 1392320, at *6 (N.D. Ill. Apr. 8, 2016) (citing *Pope v. Shalala*, 998 F.2d 473, 482-483 (7th Cir. 1993), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999)).

As an initial matter, Plaintiff contends that the ALJ used improper boilerplate language. The ALJ wrote that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms "are not entirely credible for the reasons explained in [the ALJ's] decision." (AR 20). This is not the criticized boilerplate language, which is a finding that a claimant's statements "are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." *Minnick v. Colvin*, 775 F.3d 929, 936 (7th Cir. 2015). The ALJ's statement in the instant matter is precisely the type of analysis the Seventh Circuit Court of Appeals requires. *See Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012); *Bjornson v. Astrue*, 671 F.3d 640, 645-46 (7th Cir. 2012). There is no grounds for remand on this basis.

Plaintiff also asserts that the above statement violates SSR 96-7p. However, Plaintiff does not clarify how the statement violates SSR 96-7p or otherwise support this assertion with argument. "[A]n issue expressly presented for resolution is waived if not developed by argument." *Anderson v. Gutschenritter*, 836 F.2d 346, 349 (7th Cir. 1988).

Lastly, Plaintiff contends that the ALJ failed to specify which statements of Plaintiff's limitations are not fully credible. The Commissioner responds that the ALJ reasonably contrasted Plaintiff's statements of limitation with Plaintiff's ability to engage in daily activities and with Plaintiff's treatment notes.

Plaintiff testified that she did not like to get dressed or brush her teeth in the morning. The ALJ contrasted this with Plaintiffs ability to care for her young child. First, Plaintiff's testimony is not in conflict on this matter. Plaintiff's testimony about her lack of *motivation* to dress or brush her teeth does not bear on her *ability* to care for her children. Next, the Seventh Circuit Court of Appeals has noted that there are "critical differences between activities of daily living and activities in a full-time job," including "that a person has more flexibility in scheduling the former than the latter," and, in performing activities of daily living, a person "is not held to a minimum standard of performance, as she would be by an employer." *Bjornson*, 671 F.3d at 647. The ALJ has failed to show how Plaintiff's evidence of caring for her children shows Plaintiff's subjective symptoms to be not as great as Plaintiff reports them to be. These two pieces of evidence in combination do not provide a basis on which to discount Plaintiff's statements regarding her subjective symptoms.

Plaintiff asserts that she has difficulty interacting with others. The ALJ compared this assertion to notes indicating that Plaintiff was able to behave appropriately during psychological evaluations. Additionally, the ALJ found that there was some indication that, at times, Plaintiff's activity level was greater than alleged. The ALJ specifically identified that, though Plaintiff alleges difficulty in walking, Plaintiff reported in March 2011 that she was exercising on an elliptical machine and reported in March 2013 that she was exercising.

Because this matter is already being remanded on other grounds, the Court need not determine whether the ALJ's evaluation of Plaintiff's subjective symptoms is patently wrong. On remand, the ALJ is reminded to bear in mind the differences between activities of daily living and the demands of a full-time job.

### C. Step 3, Residual Functional Capacity, and Step 5

Plaintiff asserts that the ALJ made many errors in Step 3, in the determination of Plaintiff's RFC, and in Step 5. One of these asserted errors is that the weight assigned to Dr. Hird's opinions was not properly assigned, which the Court has already addressed above. Because the Court has already determined that remand is necessary for a re-weighing of Dr. Hird's opinions and because that new assignment of weight may yield significantly different findings on remand regarding Step 3, Plaintiff's RFC, and Step 5, the Court will not address in full every argument Plaintiff raises.

Plaintiff argues that the ALJ erred at Step 3 by not considering the "Paragraph A" criteria in determining whether Plaintiff met Listings 12.02 and 12.04. The ALJ first determined whether Plaintiff met the "Paragraph B" criteria for these Listings and, finding that Plaintiff did not, the ALJ ceased her analysis because Plaintiff, under that analysis, did not meet either Listing. On remand, if the ALJ determines that Plaintiff does not meet the Paragraph B criteria, then she need not also determine whether Plaintiff meets the Paragraph A criteria. However, the ALJ is reminded to support her assertions of whether Plaintiff meets a listing with reference to evidence of record and to consider medical equivalency.

Plaintiff argues that, in determining Plaintiff's RFC, the ALJ cherry-picked evidence that was favorable to the ALJ's determination and ignored the contrary evidence. The Commissioner asserts that the ALJ did not cherry-pick the evidence. Without deciding whether the ALJ selected only those

facts which support her conclusion, the ALJ is directed, on remand, to consider all relevant medical evidence in determining Plaintiff's RFC. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

Finally, should the ALJ reach Step 5 on remand, she is directed to ask questions of the vocational expert that reflect all of Plaintiff's limitations.

### D. Subpoena Enforcement

Plaintiff argues that she was harmed by the ALJ's decision to not enforce a subpoena that the ALJ issued against Dr. Stone. She argues harm in the form of delay and inability to obtain information and testimony.

"Cross-examination is . . . not an absolute right in administrative cases." *Butera v. Apfel*, 173 F.3d 1049, 1057 (7th Cir. 1999) (finding the ALJ did not err in refusing to *issue* subpoenas) (quoting *Central Freight Lines, Inc. v. United States*, 669 F.2d 1063, 1068 (5th Cir. 1982)). ALJs have the power to seek enforcement of a subpoena through application to the district court for an order requiring the subject of the subpoena to appear and produce evidence. 42 U.S.C. § 405(e). Because the ALJ issued the subpoena, the ALJ had determined that Dr. Stone's testimony at the hearing was reasonably necessary. *See* 20 C.F.R. § 404.950(d)(1).

The Commissioner contends that, per the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX"), the ALJ was required to "consider any changes in the situation since the subpoena was first issued and again determine whether the evidence or facts requested [were] reasonably necessary for the full presentation of the case," HALLEX 1-2-5-82, 1994 WL 637399, at *1. "Courts may look to the HALLEX as a guide for procedural rules in Social Security [disability insurance benefits] cases." *DiRosa v. Astrue*, 2012 WL 2885112, at *5 (N.D. Ill.

14

July 13, 2012); *accord Cardona v. Colvin*, No. 14-CV-5380, 2016 WL 3351574, at *3 (N.D. Ill. June 13, 2016).

The Seventh Circuit Court of Appeals has not yet determined whether an ALJ has discretion in deciding whether to enforce a subpoena. Other courts, however, have found that the enforcement of a subpoena is within the ALJ's discretion. *See, e.g.*, *Mack v. Astrue*, Civil No. 09-2028, 2010 WL 571782, at * 1 (E.D. Penn. Feb. 12, 2010); *Serrano v. Barnhart*, No. 02 Civ. 6372, 2005 WL 3018256, at *4 (S.D.N.Y. Nov. 10, 2005). The Court need not resolve the issue here.

On remand, if the issue of subpoena enforcement is once again raised, the ALJ is directed to consider any changes in the situation since the subpoena was first issued, to again determine whether the evidence or facts requested are reasonably necessary for the full presentation of the case, in accordance with the HALLEX, and, if she decides not to enforce the subpoena, to articulate the reasons for her decision.

### E. Request for Award of Benefits

Finally, Plaintiff requests that the Court reverse and remand for an award of benefits or, in the alternative, for additional proceedings. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Based on the discussion above, remand, not an immediate award of benefits, is required.

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS** the relief sought in the Opening Brief [DE 20], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order. The Court **DENIES** Plaintiff's request for an award of benefits.

SO ORDERED this 1st day of February, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT